UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELE L.,

                            Plaintiff,

                v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                         Defendant.
_____

**DECISION**
**and**
**ORDER**

**19-CV-1301F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                           Attorneys for Plaintiff
                           KENNETH R. HILLER, and
                           BRANDI CHRISTINE SMITH, of Counsel
                           6000 North Bailey Avenue, Suite 1A
                           Amherst, New York  14226

                           JAMES P. KENNEDY, JR.
                           UNITED STATES ATTORNEY
                           Attorney for Defendant
                           Federal Centre
                           138 Delaware Avenue
                           Buffalo, New York  14202
                                 and
                           JASON PARKERSON PECK
                           Special Assistant United States Attorney, of Counsel
                           Social Security Administration
                           Office of General Counsel
                           26 Federal Plaza
                           Room 3904
                           New York, New York  10278

## JURISDICTION

On October 14, 2020, the parties to this action, consented pursuant to 28 U.S.C.

§ 636(c) to proceed before the undersigned.  (Dkt. 12).  The matter is presently before

_____

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

the court on motions for judgment on the pleadings filed by Plaintiff on March 16, 2020

(Dkt. 9), and by Defendant on May 15, 2020 (Dkt. 10).

## BACKGROUND

Plaintiff Michele L. ("Plaintiff"), brings this action under Title II of the Social

Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the

Commissioner of Social Security's final decision denying Plaintiff's applications filed with

the Social Security Administration ("SSA"), on August 3, 2016, for Social Security

Disability Insurance ("SSDI") under Title II of the Act, and for Supplemental Security

Income ("SSI") under Title XVI of the Act ("disability benefits").  Plaintiff alleges she

became disabled on March 1, 2016, based on back injury, neck injury, depression,

bipolar disorder, and schizophrenia.  AR[2] at 15, 169, 171, 206, 209.  Plaintiff's

applications initially were denied on October 11, 2016, AR at 75-102, 105-18, and at

Plaintiff's timely request, AR at 121-22, on September 4, 2018, a hearing was held via

videoconference before administrative law judge David F. Neumann ("the ALJ"), located

in Albany, New York.  AR at 31-66 ("administrative hearing").  Appearing and testifying

at the administrative hearing in Buffalo, New York were Plaintiff, represented by Phillip

V. Urban, Esq., and vocational expert Margaret Heck ("the VE").

On October 26, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at

12-30 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at

165-68.  On July 26, 2019, the Appeals Council denied Plaintiff's request for review, AR

---

[2] References to "AR" are to the CM/ECF-generated page numbers of the Administrative Record
electronically filed by Defendant on November 19, 2019 (Dkt. 4).

at 1-6, rendering the ALJ's Decision the Commissioner's final decision.  On September 24, 2019, Plaintiff commenced the instant action seeking review of the ALJ's Decision.

On March 16, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 9) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 9-1) ("Plaintiff's Memorandum").  On May 15, 2020, Defendant moved for judgment on the pleadings (Dkt. 10) ("Defendant's Motion"), attaching Commissioner's Brief in Support of His Motion for Judgment on the Pleadings and in Response to Ms. L[.]'s Brief Pursuant to Local Rule 5.5 (Dkt. 10-1) ("Defendant's Memorandum").  Filed on June 5, 2020, was Plaintiff's Response to Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 11) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.


**FACTS**[3]

Plaintiff Michele L. ("Plaintiff"), born September 27, 1981, was 34 as of her alleged disability onset date ("DOD") of March 1, 2016, AR at 15, 169, 171, 244, and 37 years old as of October 26, 2018, the date of the ALJ's Decision.  AR at 25.  Plaintiff lived with her boyfriend and 12-year old daughter in an apartment.  AR at 36, 248.  Taking special classes, Plaintiff attended school through the ninth grade, and has not obtained a GED but obtained a commercial driver's license.  AR at 36-37, 238.

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

Plaintiff's past relevant work ("PRW") includes jobs in data entry, as a driver, and in retail both as a shift supervisor and manager.  AR at 239.

It is undisputed that Plaintiff suffers from lumbar degenerative disc disease, depression, and anxiety.  AR at 18, 237.  In connection with her disability benefits applications, on October 4, 2016, Plaintiff underwent a consultative psychiatric evaluation by psychologist Janine Ippolito, Psy.D. ("Dr. Ippolito").  AR at 508-12.  On October 7, 2016, state agency review psychiatric consultant H. Tzetzo, M.D. ("Dr. Tzetzo"), completed an initial disability determination in connection with the initial denial of Plaintiff's disability benefits application.  AR at 82-84, 89, 95-96, 102.

## DISCUSSION

## 1.    Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir.

2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).  In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original).  "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Id*., 523 Fed.Appx. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

## 2.    Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v*.

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

*Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.

1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).

The burden of proof is on the applicant for the first four steps, with the Commissioner

bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and

416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need

not be addressed because if the claimant fails to meet the criteria at either of the first

two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if

the claimant meets the criteria for the third or fourth step, the inquiry ceases with the

claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff met the insured status requirement for

SSDI through September 30, 2019, AR at 17, has not engaged in substantial gainful

activity since March 1, 2016, her alleged disability onset date, *id*., and suffers from the

severe impairments of lumbar degenerative disc disease, asthma, major depressive

disorder, generalized anxiety disorder, and cannabis use, *id*. at 18, but that the

evidence in the record establishes Plaintiff's high cholesterol and gastroesophageal

reflux disease ("GERD"), are controlled with stable treatment, and despite a diagnosis in

February 2017 of fibromyalgia, no ongoing treatment records support such diagnosis,

and that these conditions do not cause any significant limitation of physical ability to

perform basic work activities and thus are not severe impairments, *id*., and that Plaintiff

does not have an impairment or combination of impairments meeting or medically equal

to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.

*Id*. at 18-20.  Despite her impairments, the ALJ found Plaintiff retains the RFC to

perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except

she can lift and carry 5 lbs. frequently and 10 lbs. occasionally, can push and pull with

upper and lower extremities within the same weight restrictions, with normal breaks

during an eight-hour workday can sit for six hours and stand and/or walk two hours,

should avoid concentrated pollutants and temperature extremes, can occasionally climb

stairs and ramps, balance, stoop, kneel, crouch and crawl, can work in a low stress job

defined as having no more than occasional changes in the work setting, and occasional

interaction with the public.  AR at 20-23.  The ALJ also found Plaintiff is capable of

performing her PRW as a data entry clerk, AR at 23, and, alternatively, given Plaintiff's

age, limited education, ability to communicate in English, and without regard to the

transferability of any skills from her PRW, other jobs exist in significant numbers in the

national economy which Plaintiff can perform including as a document preparer, a ticket

checker, and a surveillance system monitor.  AR at 24-25.  Based on these findings, the

ALJ determined Plaintiff is not disabled as defined under the Act.  *Id*. at 25.

Plaintiff does not contest the ALJ's findings with regard to the first two steps of

the five-step analysis, but argues that at the third step, the ALJ erred by according the

same weight to two conflicting opinions regarding Plaintiff's mental impairments, in

particular, the consultative opinions of Dr. Ippolito and Dr. Tzetzo, such that the ALJ

relied on his lay opinion in assessing Plaintiff's RFC which thus is not supported by

substantial evidence in the record.  Plaintiff's Memorandum at 11-18.[5]  In opposition,

Defendant argues the ALJ correctly and reasonably assigned weight to the various

medical assessments of record and did not issue a "lay opinion" in determining the

RFC.  Defendant's Memorandum at 6-12.  In reply, Plaintiff argues Defendant proffers

---

[5] Because Plaintiff's arguments address only her mental health impairments, the court's consideration of the record is similarly limited.

only an impermissible "*ad hoc*" justification for the ALJ's opinion.  Plaintiff's Reply at 1-3.

There is no merit to Plaintiff's arguments.

As relevant here, based on her October 4, 2016 consultative psychiatric

examination of Plaintiff, Dr. Ippolito reported Plaintiff was cooperative with adequate

manner of relating, social skills, and overall presentation, general appearance was

consistent with Plaintiff's age, Plaintiff was well groomed with tense posture, restless

motor behavior, appropriate eye contact, fluent speech intelligibility, clear voice,

adequate receptive and expressive languages, coherent thought processes without

evidence of hallucinations, delusions, or paranoia, depressed and anxious affect,

dysthymic mood, clear sensorium, and alert and oriented in all three spheres.  AR at

509-10.  Plaintiff's attention and concentration, as well as her recent and remote

memory skills were impaired due to emotional distress.  AR at 510.  With regard to

cognitive functioning, Plaintiff's intellectual functioning was estimated to be average to

below average, and general fund of information was appropriate to experience.  *Id*.

Both judgement and insight were fair.  *Id*.  Plaintiff reported she was able to cook, clean,

do laundry, grocery shop, provide childcare, independently shower and dress but

sometimes needed help because of chronic pain, did not manage money because her

boyfriend handled the household finances, drives, but does not use public

transportation, interacted with her boyfriend, mother, sister and brothers, her hobbies

included going for walks with pain limitations, sleeping, reading, watching movies and

playing with her youngest child.  AR at 510-11. Based on the examination, Dr. Ippolito's

medical source statement was that

> The claimant presents as able to follow and understand simple directions and
> instructions, perform simple tasks independently, learn new tasks, perform

complex tasks independently, and make appropriate decisions with no evidence of limitations. She can maintain a regular schedule, and relate adequately with others with moderate limitations.  She can appropriately deal with stress with marked limitations.  These limitations are due to emotional distress and fatigue. The results of the present evaluation appear to be consistent with psychiatric problems, and thus may significantly interfere with the claimant's ability to function on a daily basis.

AR at 511.

On October 7, 2016, non-examining state agency review psychiatrist Dr. Tzetzo reviewed Plaintiff's administrative record which included, *inter alia*, Plaintiff's medical records and Dr. Ippolito's October 4, 2016 psychiatric evaluation report, and found Plaintiff had a severe affective disorder, but non-severe anxiety disorder.  AR at 82-84, 89, 95-96.  Plaintiff's severe affective disorder and non-severe anxiety disorder posed mild restrictions to Plaintiff's activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence or pace, but caused no repeated episodes of decompensation.  *Id*.  Based on these findings, Dr. Tzetzo opined Plaintiff "should be able to handle normal work pressures, psychiatrically speaking," and that Plaintiff's "impairment [is] non severe, psychiatrically speaking."  AR at 84, 96.

Plaintiff correctly asserts that the ALJ observed Dr. Ippolito's opinion "'was formed by personal examination and generally consistent with clinical findings,'" Plaintiff's Memorandum at 13 (citing AR at 19), and although Dr. Tzetzo did not examined Plaintiff, the ALJ considered that Dr. Tzetzo, as a state agency psychological consultant, is a "'highly qualified . . . expert[ ] in the evaluation of the medical issues in disability claims under the Act and [Dr. Tzetzo's] opinion regarding the nature and extent of the claimant's limitations, is generally consistent with the overall evidence.'" *Id*.

(citing AR at 19-20) (bracketed material added).  Plaintiff argues that in formulating

Plaintiff's RFC, the ALJ failed to reconcile the conflict between the mental limitations in

the RFC with the opinions of Dr. Ippolito and Dr. Tzetzo, both of which the ALJ assigned

"'some weight.'"  Plaintiff's Memorandum at 12 (citing AR at 19-20).  Plaintiff particularly

maintains the ALJ erred in assessing Plaintiff with an RFC that was less limiting than Dr.

Ippolito's opinion of Plaintiff's limitations insofar as Dr. Ippolito found Plaintiff with

"marked limitations" in appropriately dealing with stress.  Plaintiff's Memorandum at 13-

14.  In opposition, Defendant argues the ALJ is permitted to determine a claimant's RFC

based on the entire record, rather than just the medical opinions and assessments of

record, Defendant's Memorandum at 6-7, and that the psychiatric review technique

employed by Dr. Tzetzo is not the same as Dr. Ippolito's medical assessment of

Plaintiff's mental impairment.  *Id*. at 7-9.  A plain reading of the ALJ's decision

establishes the ALJ did not err in formulating Plaintiff's RFC.

Specifically, the relevant regulations require ALJs consider the opinions of state

agency consultants, such as Dr. Tzetzo, because, as the ALJ observed, AR at 19-20,

they are highly qualified experts in Social Security disability evaluations.  20 C.F.R. §§

404.1513a(b)(1), 404.1527(c) and (e).  Based on these same criteria, the opinions of

such non-examining sources can constitute substantial evidence in support of an ALJ's

decision.  *Diaz v. Shalala*, 59 F.3d 307, 313 n. 5 (2d Cir. 1995).

Here, Dr. Ippolito assessed Plaintiff with no limitation in following and

understanding simple directions and instructions, independently performing simple and

complex tasks, learning new tasks, and making appropriate decisions, with moderate

limitation in maintaining attention, concentration, and a regular schedule as well as

relating adequately with others, and markedly limited in appropriately dealing with stress, attributing all such limitations to emotional distress and fatigue.  AR at 511.  In contrast, the only similar area in which Dr. Tzetzo also offered an opinion is with regard to maintaining concentration, persistence or pace as to which Dr. Tzetzo found Plaintiff with a mild impairment.  AR at 82.  Accordingly, there is no merit to Plaintiff's assertion, Plaintiff's Memorandum at 13, that the opinions of Dr. Ippolito and Dr. Tzetzo "have remarkably different findings."  Otherwise, Dr. Tzetzo also found Plaintiff to be mildly impaired with regard to activities of daily living, and maintaining social functioning.  AR at 82.  Consistent with these findings, Dr. Tzetzo opined that Plaintiff's psychiatric impairments are not sufficiently severe to interfere with her ability to function on a daily basis, *id*. at 83, that "psychiatrically speaking," Plaintiff "should be able to handle normal work pressures," such that Plaintiff's psychiatric impairment is "not severe."  *Id*.  Despite Dr. Tzetzo's determination that Plaintiff's psychiatric impairment is "not severe," the ALJ, based on Dr. Ippolito's opinion, found Plaintiff's mental impairments to be "severe" and proceeded to address the mental limitation in the RFC.  AR at 19-20.

In particular, the ALJ incorporated Dr. Ippolito's moderate limitations in maintaining attention, concentration, and a regular schedule, and in relating adequately with others, and marked limitation in appropriately dealing with stress, by restricting Plaintiff to a limited range of sedentary work including "a low stress job, defined as having no more than occasional changes in the work setting," and "occasional interaction with the public."  AR at 20-21.  Such restrictions have been held sufficient to accommodate a claimant's moderate and marked difficulties in concentration, pace and social functioning.  *See Melissa C. v. Comm'r of Soc. Sec.*, 2021 WL 614633, at * 4

(W.D.N.Y. Feb. 17, 2021) (citing cases holding moderate difficulties in maintaining concentration, persistence, and pace accommodated by simple, low-stress tasks and low-stress environment with limited interactions with others); *Lamont S. v. Comm'r of Soc. Sec.*, 2021 WL 826716, at * 4-5 (W.D.N.Y. Mar. 4, 2021) (marked limitation in dealing with stress sufficiently accommodated by restricting the plaintiff to a low stress environment).  Moreover, the ALJ was not constrained to consider only the medical opinions of record, but was permitted to consider the record as a whole, *see Jacqueline L. v. Comm'r of Soc. Sec.*, __ F.Supp.3d __, 2021 WL 243099, at * 8 (W.D.N.Y. Jan. 26, 2021) ("'[C]ourts reviewing an ALJ's evaluation of stress-based limitations do not demand an exhaustive analysis of the issue.  So long as the decision reveals that the ALJ considered and accounted for stress limitations – even if not in the most explicit terms – remand is not warranted.'" (quoting *Gomez v. Comm'r of Soc. Sec.*, 2020 WL 1322565, at *4 (W.D.N.Y. Mar. 20, 2020)), including Plaintiff's reported activities of daily living.  *See Rusin v. Berryhill*, 726 Fed.Appx. 837, 839 (2d Cir. 2018) (ALJ properly considered the plaintiff's reported activities of daily living in finding treating psychiatrist's opinion inconsistent other medical evidence in the record (internal citations omitted)).  Because the ALJ did not reject any portion of Dr. Ippolito's opinion, the ALJ was not required to explain why any portions were rejected as Plaintiff also maintains.  Plaintiff's Memorandum at 15.

To summarize, in the instant case, the evidence in the record establishes at most that it is susceptible to more than one rational interpretation, including the ALJ's decision that Plaintiff is not disabled under the Act.  *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational

interpretation, the Commissioner's conclusion must be upheld."); *Bonet ex rel. T.B.*, 523 Fed.Appx. at 58-59 ("Under this 'very deferential standard of review [applicable to actions challenging an administrative decision on a disability benefits claim],' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" (quoting *Brault*, 683 F.3d at 448 (italics in original)).  Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).  Despite the possibility of an alternate interpretation, in this case, the record provides substantial evidence to sustain the ALJ's decision.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 9) is DENIED; Defendant's Motion (Dkt. 10) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 22nd, 2021
            Buffalo, New York